## CLAYTON et al. vs. MARTIN.

INJUNCTION BOND:

Courts of equity have no jurisdiction, upon the dissolution of an injunction, to render a judgment for damages against the sureties in the injunction bond.

*Certiorari* to *Chicot* Circuit Court in Chancery.

Hon. J. F. ROBINSON, Special Judge.

*Yonley* and *Whipple*, for plaintiffs.

ENGLISH, CH. J.:

In March, 1873, A. G. Martin recovered a judgment in the Circuit Court of Chicot County against the Mississippi, Ouachita

and Red River Railroad Company, upon which, in July, 1874, an execution was issued to James W. Mason, the sheriff of that county, and by him levied on real and personal property of the corporation.

David B. Sickels, claiming to be trustee in a mortgage executed by the corporation to holders of its bonds, filed a bill on the chancery side of the Chicot Circuit Court against Martin, the plaintiff in the judgment, and Mason, the sheriff, to enjoin the sale of the property levied on.

A temporary injunction was granted by a circuit judge, upon the execution of a Code injunction bond by Powell Clayton and James Torrans as sureties of the plaintiff in the bill.

At the September term, 1874, a demurrer was sustained to the bill, the injunction dissolved, the bill dismissed, and a judgment rendered in favor of Martin, against Clayton and Torrans, the sureties in the injunction bond, for $942.87, being ten per cent. on the debt enjoined, and execution thereon awarded.

This judgment is before us on return to a *certiorari* issued from this court, in April, 1876, on the petition of Clayton and Torrans.

There is no statute authorizing the Circuit Court in Chancery, to render a judgment against the sureties in an injunction bond for damages, on the dissolution of an injunction. The remedy is by an action at law upon the bond.

The judgment rendered in this case is void, because the court had no jurisdiction of the subject matter, and must be quashed. *Bailey et al.* v. *Gibson et al.*, 29 Ark., 473.