JOHN MAC FARLANE *vs.* ARTHUR H. G. GARRETT and WILLIAM A. BARR, trading as GARRETT & BARR.

*Case—Demurrer; Special—Amendment—Discretion of Court—Constitution—Statute—Pleading.*

1. The Court will, in a proper case, and in the exercise of its discretion, permit a defendant to withdraw his pleas after issue joined, for the purpose of demurring *specially*.

2. In an action for damages for causing a restraining order to be issued out of the Court of Chancery against the plaintiff, it is necessary that the narr should aver that said restraining order was procured maliciously and without probable cause. If the narr does not contain such an averment, and is demurred to, the demurrer will be sustained.

*(December 1, 1900.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Lilburne Chandler* for plaintiff.

*Howell S. England* and *Herbert H. Ward* for defendant.

Superior Court, New Castle County, November Term, 1900.

ACTION OF TRESPASS UPON THE CASE (No. 15, November Term, 1899). Demurrer.

Counsel for defendant asked leave to file special demurrers to the plaintiff's declaration; the defendant having first pleaded to the action and obtained leave to amend and withdraw his pleas.

Chandler, for plaintiff, objected; contending that the defendant could not be allowed to demur specially after pleas to the action, joinder of issue thereon, leave to amend and withdrawal of pleas.

*Robinson and Ponder vs. Holland, 2 Harr., 445; Stephens on Pleading, 151; Chitty on Pleading, 672.*

SPRUANCE, J. :—The provision of *Section 24 of Article 4 of the Constitution of 1897* relating to amendments is as follows :

" In civil causes, when pending, the Superior Court shall have power, before judgment, of directing, upon such terms as it shall deem reasonable, amendments impleadings and legal proceedings, so that by error in any of them, the determination of causes according to their real merits, shall not be hindered."

A similar provision is found in the *Constitution of 1792, Art. 6, Sec. 7,* and in the *Constitution of 1831, Art. 6, Sec. 16.*

A very restricted interpretation of this power was given by the Court as early as 1838.

In that year, in *Waples vs. McGee et. al., 2 Harr., 444,* leave to amend for the purpose of pleading the act of limitation, or any plea not going to the merits was refused, and in *Robinson, et al., vs. Holland, 2 Harr., 445,* the Court refused, after issue joined, to permit the defendant to withdraw his pleadings for the purpose of demurring *specially.*

By *Chapter 112* of the *Revised Code of 1852,* relating to " Defects in pleading and the amendment thereof," which is the same as *Chapter 112* of the *Revised Code of 1893,* a distinct advance was made toward " the determination of causes according to their real merits."

The following is Section 11 of said Chapter: " In any civil cause pending before the Superior Court, the said Court shall have power, at any time before judgment, to allow amendments either in *form* or substance, of any process, pleading or proceeding, in such action on such terms as shall be just and reasonable." The purpose of the statute appears to have been to enlarge the power of amendment.

While this section is not expressly mandatory as to the allowance of amendments either as to form or substance, it clearly indicates that the exercise of the power is not to be limited to matters of substance merely, but is to be extended as well to matters of form in any proper case.

If this section had been in force at the time, it is highly improbable that the Court would have refused the amendments asked in the two cases above cited.

Since the Code of 1852 the Court has been very liberal in the allowance of amendments, and the power to impose terms—usually the payment of costs—has generally been found sufficient to check frivolous applications.

After issue joined it is usual to allow the pleas to be withdrawn for the purpose of demurring, and we know of no good reason, or of any practice in recent years, which would warrant us in restricting the privilege to a general demurrer.

The proposed special demurrer appears to be proper and necessary to secure accurate and definite allegations as to the nature and character of the plaintiff's cause of action, without which the defendant would be embarrassed in his pleading and in his preparation for trial.

A majority of the Court are of the opinion that the application of the defendant for leave to withdraw his pleas for the purpose of demurring specially should be allowed, and it is so ordered.

GRUBB, J.:—I concur with Judge Spruance in allowing this particular special demurrer to be filed in this case. I think the special causes of demurrer as read to us show us that they are reasonably material and necessary for obtaining a proper presentation of the case in the plaintiff's declaration, so that the defendants may be informed with reasonable certainty as to the grounds upon which the plaintiff bases his cause of action, and may thus secure a determination thereof according to the real merits; and I do not think that the declaration, in the particular respects referred to in the special causes of demurer, does that. The averments in the declaration do not clearly appear to be sufficient for the defendants to know, or the Court to pronounce a proper judgment which would show, in case this matter came before this or any other Court in any other action or proceeding, with requisite certainty, what were the precise

grounds upon which a judgment might be rendered in this Court in this case. These are adequate reasons for requiring a proper presentation of the plaintiff's case, in his declaration, and for allowing the special demurrer for that purpose.

While in this particular case, I think it is proper for the defendants to file the special demurrer they have presented to us, yet I do not consider that this Court is required to allow any or every special demurrer to be filed which may be presented before it by any party to a case. While this matter is placed by the statute in the power of the Court, it is nevertheless a power that is to be exercised according to the sound judicial decision of the Court, and not otherwise.

*Thompson vs. Thompson, 6 Houst., 230.*

Nor do I think that any party is entitled, *ad libitum,* to file his special demurrer after the case has been at issue.

In my judgment, after it has been at issue and the pleadings placing it at issue have been withdrawn by the leave of the Court, as in the present instance, the party withdrawing his pleadings is not entitled, as a matter of course, to file a special demurrer. But it is entirely within the discretion of the Court to allow this or not, according as the Court may determine, after due consideration of the pleadings and circumstances, and of the nature of the special causes of demurrer presented in the particular case. I say this so as to make it clear that I think the Court should exercise a sound judicial discretion as each case is presented to it.

That this Court has the power to allow a special demurrer to be filed under the circumstances and subject to the qualifications I have stated, and on such terms as shall be just and reasonable, I have no doubt.

It is true that, in *Robinson and Ponder vs. Holland, 2 Harr., 445,* this Court held that the defendant could not be permitted to withdraw his pleadings and demur specially. But this was in 1838, and prior to the enactment of Section 11, Chapter 112 of the Revised Statutes of 1852. Said Section 11 especially empowers

this Court, at any time before judgment, to "allow amendments either in form or substance, of any process, pleading or proceeding" in any civil cause therein pending, on such terms as shall be just and reasonable.

In referring to this subject in *Waples vs. McIlvaine's Admr., 5 Harr., 383,* Judge Harrington, who was one of the compilers of the Revised Statutes of 1852, said: "But Chapter 112 of the Revised Code was reported and passed avowedly for reforming the law of amendments, and of conforming our practice to the recent improvements in the practice both of the English and American courts. Its object is to remove from the administration of justice the stigma, too often applicable to it, of trying technical questions, rather than merits; and deciding causes on issues apart from the objects of the suit."

Therefore, in this State, since 1852, the previous strictness in the practice of this Court has been relaxed, and greater liberality in allowing corrections of errors and defects in the pleadings has prevailed, with a view to having the miscarriage of causes upon mere technical and formal grounds avoided, and the substantial grounds of the controversy conveniently and certainly reached and determined according to the real merits, as manifestly designed by *Section 24, Article 4,* of the *Constitution,* and by *Chapter 112* of the *Revised Code.*

That this modern relaxation and liberality is to be extended to demurrers is shown by the recent statute of 1899, Chap. 303, Vol. 21, p. 582, which allows a party against whom a general or special demurrer is decided, to take a judgment of *respondeat ouster,* and have the right to amend or plead over, after the entry thereof, to the facts by way of traverse or otherwise.

That the authorization of these improvements in our practice is within the legislative power and discretion, seems obvious, inasmuch as there does not clearly appear to be any constitutional inhibition, express or implied, to the contrary.

LORE, C. J., (dissenting):

This is an application by the defendant after issue joined upon the merits, to withdraw all pleas, and file a *special demurrer*, to a matter of form only.

There has never been any doubt in my mind as to the power of the Court to permit amendment of pleadings, either in form or in substance, at any time before judgment. This power is expressly given in *Section 24, Article 4* of the present *Constitution ;* and is the same as in that of the *Constitution of 1831. Section 11 of Chapter 112 of the Revised Code,* in no wise enlarges this power. The exercise of this power is in the discretion of the Court.

The Court in the exercise of that discretion, after a large experience, decided that after issue joined upon the merits, it would not permit the plea of statute of limitation, a special demurrer, or any plea not going to the merits.

*Burton vs. Waples, 3 Harr., 75 ; Waples vs. McGee, 2 Harr., 444 ; Robinson and Ponder vs. Holland, 2 Harr., 445.*

In the last named case it was decided that a special, demurrer would not be allowed—the very question now before us.

This ruling has been acquiesced in and found to operate wisely for the last sixty years. It is founded upon the constitutional and true purpose of all pleading, víz., the attainment of an issue, either of law or fact, and the determination of causes according to their real merits; and not suffering time to be wasted or frittered away upon mere matters of form.

It is now proposed to overrule these decisions, in the absence of any new condition, and to depart from a safe, wise and absolutely uniform rule; and to embark upon the uncertain field of what amendments in mere matters of form the judicial mind for the time being may deem admissible. It will tend to encourage laxity in pleading; to delay trial of causes upon their merits and introduce confusion for certainty. In my judgment it is a very dangerous ruling.

It is admitted in this case that the special demurrer is to

mere matter of form and does not go to the merits. If it was a matter of substance, a general demurrer would avail, which is always admissible.

On December 20th the demurrer was argued.

The narr consisted of three counts; the first of which was as follows:

"For that whereas, before and at the time of the committing of the grievances by the said defendants, as hereinafter next mentioned, the said plaintiff was the owner of a certain messuage, or open lot of land, with the appurtenances, situated and being at No. 312 East Second Street, and in the City of Wilmington, County aforesaid, and a certain action of complainant, called an injunction bill, had been commenced by defendants, against the said plaintiff and then was depending for restraining the plaintiff from building, or completing any building or work, or placing any structure, or material upon the lot of the plaintiff with the appurtenances, above mentioned and described, in the Court of Chancery of the State of Delaware, in and for New Castle County; wherein said defendants were the complainants and the said plaintiff in this suit was the defendant, and the plaintiff in this aforesaid Chancery Bill or suit had been served with a rule and restraining order, issued for the plaintiff in this suit and served upon him by John E. Taylor, Sheriff of New Castle County, to wit; the twenty-fourth day of August, A. D. 1899, to wit: at New Castle County aforesaid, and the said Sheriff made return August twenty-ninth, A. D. 1899 to said Court, as follows, to wit: "Served personally on John MacFarlane, August 24, 1899." And the said plaintiff was the owner of said mentioned lot of land, with the appurtenances, and had the right to build thereon, and was building and constructing, a dwelling house thereon, for his own use and purposes, yet, the said defendants contriving and wrongfully and unjustly intending to injure the said plaintiff, and to subject him to costs of said action, damages, loss of material, time and money, heretofore, to wit; at New Castle County against the will of the

said plaintiff, caused and procured the said rule and restraining order to be issued by the said Court of Chancery to wit; on the twenty-fourth day of August, A. D. 1899, to wit; at New Castle County, and such proceedings were thereupon had without the license, notice to, or knowledge, of the said plaintiff, in and concerning the said action, or Bill of Complaint, as by the records and proceedings thereof, in the said Court of Chancery more fully appear; and the said plaintiff further saith that afterwards to wit; on etc., the aforesaid rule and restraining order, directed to the said Sheriff of New Castle County, was duly executed in due form of law, by virtue of which rule and restraining order, the said plaintiff, was restrained, hindered and prevented, from putting and placing any building, structure, or material, upon the said lot and open space of the plaintiff for a long time, to wit; from the twenty-fourth day of August, A. D. 1899, to the fourth day of October, A. D. 1899, at the County aforesaid, when, &c., at said last mentioned day, October 4, A. D. 1899, the said rule and restraining order was dismissed and discharged and the injunction bill dismissed, by means of which said several premises he, the said plaintiff, whilst he was so restrained as aforesaid, was not only greatly exposed in his credit and circumstances, but was hindered and prevented from performing and discharging his necessary affairs and business, and his timber, brick, mortar, wood and sand, for said dwelling house were destroyed and taken away from the premises, pending the restraining order, and he, the said plaintiff, lost the use, and rental of the premises during the time &c., he was restrained, and unable to build on said land, and the plaintiff was kept out of the possession of the said land and premises, and was forced and obliged to, and did, necessarily pay, lay out and expend a large sum of money to wit the sum of two hundred dollars ($200), in procuring and paying counsel and attorney fees to defend said suit in Chancery and also three hundred dollars in and about purchasing other material at an increased cost, including timber and bricks, sand, mortar &c., and by means of the premises

was greatly injured to the damage of the plaintiff of one thousand dollars ($1000), to wit; at New Castle County aforesaid."

The charging part in the second count of the declaration was as follows: "yet the said defendants, contriving and wrongfully and unjustly intending to injure the said plaintiff in this behalf heretofore to wit: in the Court of Chancery of the State of Delaware, in and for New Castle County," * * * * * "on the twenty-fourth day of August A. D., 1899, at New Castle County aforesaid, wrongfully and injuriously and without right caused and procured a restraining order in said Chancery action to be issued from and out of said Court of Chancery and suffered and permitted said restraining order and the proceedings to be thereupon had without right and against the will and consent of the plaintiff." * * * * * "That afterwards to wit: on the fourth day of October A. D., 1899, the said bill and the said restraining order were dismissed and discharged by the said Court of Chancery;" The third count was exactly similar to the above.

The cause of demurrer relied upon by counsel for defendant as to each of the three counts of the declaration was that the same did not aver "that the said alleged action in the Court of Chancery of the State of Delaware was begun, or that the said rule or restraining order was issued *maliciously* and without *probable cause.*"

*H. H. Ward,* for defendant, contended that an action for damages for the issuance of a restraining order or injunction was exactly similar to an action for damages for malicious prosecution and that therefore the narr should aver that said restraining order was procured maliciously and without probable cause, and cited in support of the above contentions, the following authorities:

*10 Ency. Pl. and Prac., 1119; Russell vs. Farley, 105 U. S., 433; Meyers vs. Block, 120 U. S., 206 (211); Robinson vs. Kellum, 6 Cala., 399; Asevado vs. Orr, 100 Cala., 293; Lawton vs. Green, 64 N. Y., 326 (331); Palmer vs. Foley, 71 N. Y., 106 (108–9); Mark vs. Hyatt, 135 N. Y., 306; Garton vs. Brown, 27 Ill., 489; 13 Ency. Pl. and Prac., 436 and 442; Wells vs.*

*Parsons, 3 Harr., 505; Rhodes vs. Silvers, 1 Harr., 127; Anderson vs. Calaway, 2 Houst., 324.*

*Chandler*, for plaintiff, replied that he followed the form laid down in *Chitty on Pleading, page 700,* and cited *2 Saunders on Pleading, 652; 1 Saunders on Pleading, 242,—note 2.*

GRUBB, J.:—Do you agree with Mr. Ward, that this action is upon the same basis as an action on the case for malicious prosecution.

*Mr. Chandler:*—Yes; 1 think so.

The Court sustained the demurrer, and remarked that the form relied upon in *Chitty on Pleading, page 700,* was for an entirely different action.

Demurrer sustained.