DIXIE GUANO COMPANY, INCORPORATED, a corporation of the
State of Virginia, *vs.* ALPHA PROCESS COMPANY, a corporation
of the State of Delaware.

1. PLEADING—AMENDMENT—ALLOWANCE.

An application to amend by withdrawing a pleading and demurring
specially should be denied, unless the court, from an examination of the
pleadings sought to be attacked, can see that the demurrer would lie.

2. PLEADING—AMENDMENTS—DEMURRER—"PLEADING"—"PROCEEDING."

Leave to withdraw a general demurrer and file a special one will not be
granted unless it appears that the special demurrer would probably be sus-
tained, for a demurrer is a "pleading" in the broadest sense of that term,
which includes all of the proceedings from the complaint until the issue is
joined, and, if not a pleading, is at least a "proceeding".

3. SALES—ACTION FOR BREACH—PLEA—SUFFICIENCY.

Where the declaration in an action for breach of a contract of sale, pro-
viding for suspension in case of fire or other unavoidable accident to the
seller's works, etc., alleged that performance was not prevented by fire or
other unavoidable accidents or contingencies beyond the seller's control, a
plea that the seller was prevented from fulfilling the contract by contingen-
cies beyond its control is insufficient, for while a general denial or traverse
of a material averment of the declaration, in the very words thereof, usually
constitutes a good plea, yet, when the facts are peculiarly within defendant's
knowledge, he should set them out.

4. PLEADING—PLEA—SUFFICIENCY.

Ordinarily a general denial or traverse of a material averment of the
declaration is sufficient.

5. PLEADING—PLEA—"DUPLICITY".

A plea is "duplicitous" when two or more distinct matters are set up,
each of which would be a valid answer to the declaration or count, but several
facts constituting only one defense may be pleaded.

6. PLEADING—AMENDMENTS—ALLOWANCE.

Where plaintiff desired leave to withdraw its general and substitute a
special demurrer, leave should be granted where the special demurrer would
be sustained to two of the three pleas.

(*January* 26, 1915.)


PENNEWILL, C. J., and HEISEL, J., sitting.

*Harry Emmons* for plaintiff.

*James I. Boyce*, appearing for *Saulsbury, Morris and Rod-
ney*, for defendant.

Superior Court, New Castle County, January Term, 1915.

ACTION ON THE CASE (No. 108, September Term, 1914) by Dixie Guano Company against Alpha Process Company to recover under contract declared upon.

After a general demurrer had been filed to certain pleas of the defendant, there was an application to amend by withdrawing the same and substituting therefor a special demurrer.    After concluding that a special demurrer would be sustained as to two of the pleas, the court permitted the amendment to be made.

The questions presented and considered appear in the opinion of the court.


PENNEWILL, C. J., delivering the opinion of the court:

In this case a general demurrer was filed to the defendant's fifth, sixth and seventh pleas.    Plaintiff now makes application for leave to amend by withdrawing his general demurrer and substituting therefor a special demurrer.

[1, 2]    This application is resisted on the ground that the proposed demurrer could not be sustained, and the court, therefore, will not permit it to be filed.

There is cited as authority for this proposition, *section* 463 of *Woolley on Practice*, wherein it is said:

"The court, therefore, will entertain an application for leave to amend by withdrawing a pleading and demurring specially.    When such an application is made the court will examine the pleading sought to be demurred to with the same care and particularity as though it had been demurred to in the first instance; and if the pleading appear inaccurate, indefinite or insufficient to the extent to warrant the belief that a special demurrer to it would be sustained, they will allow the amendment.    The effect of an application for leave to amend by special demurrer, is practically as serious a consideration of the questions raised by the special demurrer as though the demurrer were regularly filed and argument were being had upon it, and it usually follows that if the court should think that the case is one where the amendment should be allowed, they are apt to sustain the demurrer upon the same reasoning."

The case of *MacFarlane v. Garrett & Barr*, 3 *Penn.* 36, 49 *Atl.* 175, is cited in support of this rule of practice, in which case the majority of the court held that under the law governing amendments a defendant might be permitted, after issue joined, to withdraw his pleading and file a special demurrer if it "appears to be proper and necessary to secure accurate and definite allega-

tions as to the nature and character of the plaintiff's cause of action, without which the defendant would be embarrassed in his pleading and in his preparation for trial."

In that case the application was for leave to withdraw pleas and file a special demurrer to the plaintiff's declaration, and we can see no reason why the same rule should not apply to an application for leave to withdraw a general demurrer and file a special demurrer to one or more of the defendant's pleas. The same reasoning would apply, and Woolley in the quotation made above states the rule as applicable to any *pleading*. If a demurrer should be considered technically not a "pleading", it is certainly a "proceeding" in the cause and governed by the same rules in respect to amendments as a pleading.

"In the broadest sense of the term the pleadings include all the proceedings from the complaint until issue joined; and the term has, therefore, been held to include demurrers."  31 *Cyc.* 46.

The rule stated by Woolley was intended to prevent the filing of special demurrers for dilatory or vexatious purposes, thereby delaying the trial of causes. Amendments can be had only upon application to the court, and upon such application the court may prevent a delay in the trial by refusing the application unless the demurrer would be sustained after argument. While it may seem illogical to pass upon a demurrer before it is filed, we are convinced that the trial of causes may be expedited by adhering to the rule mentioned.

[3, 4]  Argument upon the proposed demurrer having been heard, it is the duty of the court to consider and decide whether the proposed demurrer would be sustained if filed.

In order to understand and pass upon the pleas objected to it is necessary to consider the contract sued upon and set out in plaintiff's declaration.

One of the material terms was the following:

"This contract was subject to suspension in case of fire or other unavoidable accidents to the seller's works, strikes, action of health boards or other contingencies beyond the seller's control."

One of the plaintiff's specific averments in his declaration, is that the defendant was "not prevented from fulfilling and

performing the same (contract), by fire or other unavoidable accidents to its works, or by strikes or by action of health boards, or other contingencies beyond its control, etc."

The defendant by its fifth plea says:

"That it was prevented from fulfilling and performing the contract in said declaration mentioned by contingencies beyond its control."

The court are of the opinion that this plea is insufficient, and the demurrer, if filed, would to that extent be sustained.

It is a general rule of pleading that the essential facts of a cause of action or defense should be clearly and unambiguously alleged, and with as much particularity as the nature of the thing will reasonably admit. They should be alleged in such a way as to be understood by the opposite party and the court.

The court in the case in 3 *Penn*. 36, 49 *Atl*. 175, above referred to, said the special demurrer could be filed, "if it appears to be proper and necessary to secure accurate and definite allegations as to the nature and character of the plaintiff's cause of action, without which the defendant would be embarrassed in his pleading and in his preparation for trial."

The bare and general averment in defendant's fifth plea, that it was prevented from fulfilling and performing the contract by contingencies beyond its control does not convey any adequate conception of the facts constituting his defense. He should set out the contingencies upon which he relies as fully as the circumstances will reasonably admit.

The defendant contends that a general denial or traverse of a material averment in the plaintiff's declaration, in the very words of the count, constitutes a good plea, and its scope need be no greater than plaintiff's averment.

This is undoubtedly true as a general proposition, but there is at least this exception, viz.: when the facts are peculiarly and wholly within the knowledge of the defendant he should set them out with greater particularity.

The defendant's sixth plea contains the same general denial as the fifth, and would likewise be held insufficient.

[5] The seventh plea of the defendant is objected to on the

ground of duplicity, but the court are of the opinion it is not open to that objection.

A plea is bad for duplicity when two or more distinct matters are pleaded in the same plea, either of which would be a valid answer to the declaration or count. But defendant may plead several facts in one plea if they together constitute one entire defense. Such is the character of the plea in question, and the demurrer as to the same would not be sustained.

[6] Inasmuch as the special demurrer sought to be filed would be sustained as to two pleas and not sustained as to another, the court are of the opinion that the plaintiff's application must be granted. When the special demurrer is filed an order will be made in conformity with this opinion.