REUBEN T. MORRIS and GRACE H. MORRIS,
Plaintiffs,

*vs.*

ROLAND H. WHALEY and MILDRED E. WHALEY,
Defendants.

*Sussex, September 30, 1964*

*Paul R. Reed*, Georgetown, for plaintiffs.

*Jackson W. Raysor*, of Tunnell & Raysor, Georgetown, for defendants.

SHORT, Vice Chancellor: This case is before the court on defendants' application for the assessment of damages on an injunction

bond given to effectuate a temporary restraining order entered on April 19, 1962. The bond, with surety, was conditioned to pay all costs and damages which the defendants might suffer by reason of the restraining order in the event that it should be dissolved. On May 21, 1962 a preliminary injunction was entered. Thereafter, the cause was tried on the merits and on April 10, 1964 an order was entered dissolving the temporary injunction and providing that "upon application of the defendants, a hearing upon the issue of damages suffered by the defendants by reason of the temporary injunction will be held and the plaintiffs' bond shall continue until such time as a final order shall be entered on said issue of damages." On June 22, 1964 the court heard testimony on this issue. Thereafter, the court, upon its own motion, raised the question of its jurisdiction to assess damages on the injunction bond. This is the decision of the question thus raised.

■ While there is some division of authority[1], it has generally been held that in the absence of statute a court of equity has no power to assess damages upon an injunction bond as an incident of the original cause. In such case the party aggrieved is put to his action at law on the bond. *American Bonding Co. v. State,* 120 *Md.* 305, 87 *A.* 922; *Jordan v. J. A. Callaway & Co.,* 138 *Ga.* 209, 75 *S.E.* 101; *Dougal v. Eby,* 11 *Idaho* 789, 85 *P.* 102; *Grove v. Bush,* 86 *Iowa* 94, 53 *N.W.* 88; *Clayton v. Martin,* 31 *Ark.* 217; *Higgins v. Adelson,* 131 *Neb.* 820, 270 *N.W.* 502; *Junction Irrigation Co. v. Snow,* 101 *Utah* 71, 118 *P.2d* 130; *High on Injunctions,* § 1642, § 1657; 1 *Whitehouse Equity Practice,* 749; *Simpson* on *Suretyship,* § 107. Though there are statutes in many states which provide a summary method for awarding damages in the original cause, no such statute has been enacted by the Legislature of this state. Neither is there any warrant sustaining such a procedure in the practice of the English High Court of Chancery. *Phelps v. Foster,* 18 *Ill.* 309; *High on Injunctions,* § 1657.

The practice in the Federal Courts has long permitted assessment of damages in the injunction suit. *Rule* 65(c) of the *Federal Rules of Civil Procedure,* in addition to requiring security to effectuate a re-

---

1. This is recognized in *Powers v. Fidelity and Deposit Company of Maryland,* 3 *Terry* 577, 41 *A.2d* 830, an action at law on an injunction bond.

straining order or preliminary injunction, expressly provides that the liability of a surety on the bond "may be enforced on motion without the necessity of an independent action." *Rule* 65(c) of the rules of this court, *Del.C.Ann.*, adopts the identical language of *Rule* 65.(c) of the *Federal Rules of Civil Procedure* with respect to the requirement of security, but it contains no provision permitting enforcement of liability on the bond in the original cause. This omission is significant.

 I am satisfied that this court is without jurisdiction to entertain defendants' application for the assessment of damages on the injunction bond. Whether or not the issue raised may properly be transferred to the Superior Court under the Transfer Statute it is not now necessary to consider. If the parties believe that it is they may apply for transfer. If application for transfer is not made within ten (10) days an order may be presented dismissing the application for assessment of damages.