**MEDAFRICA LINE, S.P.A., Plaintiff,**

v.

**AMERICAN WEST AFRICAN FREIGHT CONFERENCE and its members, America Africa Line, African Liner Service, Barber West Africa Line, Cameroon Shipping Lines, Companhia Nacional De Navegacao, Delta Steamship Lines, Inc., Elder Dempster Lines, Ltd., Farrell Lines, Inc., Nigeria America Line, Societe Ivorienne De Transport Maritime, Torm West Africa Line, Westwind Africa Line, Compagnie Maritime Zairoise, S.A.R.L., Jeco Shipping Line Int'l, N.V., Afea Line Ltd., Defendants.**

**No. 83 Civ. 6660(MEL).**

United States District Court,
S.D. New York.

Feb. 25, 1987.

Donovan, Maloof, Walsh & Kennedy, New York City, for plaintiff.

Brauner, Baron, Rosenzweig, Kligler, Sparber, Bauman & Klein, New York City, for defendants; Seymour H. Kligler, of counsel.

Gottesman, Wolgel, Smith & Secunda, New York City, for Ins. Co. of North America; Harold H. Wolgel, of counsel.

---

LASKER, District Judge.

On March 20, 1984, defendants American West African Freight Conference ("AWAFC") and its members were preliminarily enjoined from collecting a $9,118,301 penalty which AFAWC had assessed against plaintiff Medafrica Line, S.P.A. ("Medafrica") for violations of Federal Maritime Commission ("FMC") regulations. The injunction was to remain in force until (1) the FMC decided the issues raised in Medafrica's FMC administrative complaint and any appeal from that decision was completed; and (2) if arbitration was commenced, until the arbitrator's decision was confirmed. As a condition to the issuance of the injunction, Medafrica posted a $150,-000 bond, issued by the Insurance Company of North America ("INA"). On February 18, 1986, the FMC dismissed Medafrica's administrative complaint with prejudice. Since that date, the time periods in which Medafrica could have filed an appeal from the FMC decision or sought arbitration have expired.

The AWAFC now moves (1) to dissolve the preliminary injunction and to dismiss the action and (2) to obtain judgment for $150,000 against INA on the preliminary injunction bond pursuant to Fed.R.Civ.P. 65(c) and 65.1. There is no opposition to the motion to dismiss, but INA, as Medafrica's surety, opposes the motion to collect on the bond. Both motions are granted.

The purpose of a preliminary injunction bond is to provide security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined...." Fed.R.Civ.P. 65(c). A party has been "wrongfully enjoined" under Rule 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 562 F.Supp. 304, 308 (S.D. N.Y.1983); *Wainwright Securities Inc. v. Wall St. Transcript*, 80 F.R.D. 103, 107

(S.D.N.Y.1978). Hence, in this case, the dissolution of the preliminary injunction and the dismissal of the action establish that AWAFC was "wrongfully enjoined."

■ However, a defendant who has been wrongfully enjoined is only entitled to recover damages shown to have been proximately caused by the injunction, *see Factors Etc.*, 562 F.Supp. at 308, and the more difficult question here is whether or not AWAFC has suffered $150,000 in damages as a result of the preliminary injunction. INA argues that the injunction did not cause AWAFC any monetary damage, and that the present motion is an impermissible attempt to force INA to pay $150,000 of the nine million dollar penalty assessed against Medafrica. AWAFC answers that the injunction caused AWAFC more than $150,000 in damages because it prevented AWAFC from collecting its assessment against Medafrica while Medafrica was solvent. Before the injunction issued, Medafrica was solvent, with a total net worth of $581,922 in 1983,[1] and hence could have paid that much of the nine million dollar penalty. During the pendency of the injunction, however, Medafrica declared bankruptcy. AWAFC has retained an Italian attorney to investigate the possibility of collection from Medafrica's bankruptcy assets, who advises that "there are no chances for unsecured creditors to collect money."[2] INA has not submitted any evidence to the contrary. It is concluded, therefore, that AWAFC will not be able to collect any part of the assessment from Medafrica.

■ The only damages recoverable from an injunction bond are those arising from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction, *see Lever Brothers Co. v. International Chemical Workers Union*, 554 F.2d 115, 120 (4th Cir.1976), and the injunction must be the proximate cause of the damages, *see Factors Etc.*, 562 F.Supp. at 308. In *Fidelity & Deposit Co. of Maryland v. Helver-*

---

**1.** *See* Reply Affidavit of Seymour H. Kliger ("Kliger Affidavit") at Exhibit 1, ¶ 9 (Affidavit of Captain Luciano Rossie, General Manager for Medafrica, Sept. 21, 1983).

**2.** Kliger Affidavit at ¶ 10.

*ing,* 112 F.2d 205 (D.C.Cir.1940), it was held that the Internal Revenue Service was properly awarded an injunction bond in a case where the IRS was found to have been wrongfully enjoined from collecting taxes from a taxpayer. Because the taxpayer had entered bankruptcy while the injunction was in force, the IRS was unable to collect from the taxpayer after the injunction was dissolved. The court determined that it was correct to award the injunction bond to the IRS because "but for the injunction the tax would have been collected." 112 F.2d at 211. In the present case, the relationship between the injunction and AWAFC's inability to collect from Medafrica is just as direct as in *Helvering:* but for the injunction, AWAFC would have been able to collect at least $150,000 of the assessment. INA has not brought to the court's attention any cases in which such a relationship was held to be insufficiently direct to justify the award of the bond. Hence, I conclude that AWAFC has suffered damages in the amount of the bond as a result of the injunction.

For the reasons stated above, AWAFC's motion to dismiss is granted and the INA is found to be liable to AWAFC on the injunction bond in the amount of $150,000.

It is so ordered.