IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CONCERNED CITIZENS OF THE ESTATES OF FAIRWAY VILLAGE, JULIUS H. SOLOMON, PEGGY A. SOLOMON, EDWARD D. LEARY, KENNETH P. SMITH, DENISE M. SMITH, TERRY L. THORNES, AND CARMELA M. THORNES | § § § § § § § § | No. 332, 2020

Court Below – Court of Chancery of the State of Delaware |
| Plaintiffs Below, Appellants, | § § § § § | C.A. No. 2017-0924-JRS |
| v. | § § § | |
| FAIRWAY CAP, LLC, AND FAIRWAY VILLAGE CONSTRUCTION, INC., | § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: April 7, 2021
Decided: June 25, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Court of Chancery. **AFFIRMED IN PART AND REVERSED IN PART.**

Richard E. Berl, Jr., Esquire (argued), HUDSON, JONES, JAYWORK & FISHER, LLC, Lewes, Delaware; *for Appellants Concerned Citizens of the Estates of Fairway Village, Julius H. Solomon, Peggy A. Solomon, Edward D. Leary, Kenneth P. Smith, Denise M. Smith, Terry L. Thornes, and Carmela M. Thornes.*

Jeffrey M. Weiner, Esquire (argued), LAW OFFICES OF JEFFERY M. WEINER, P.A., Wilmington, Delaware; Timothy Jay Houseal, Esquire and William E. Gamgort, Esquire (argued), YOUNG CONAWAY STARGATT & TAYLOR, LLP; *for Appellees Fairway Cap, LLC and Fairway Village Construction, Inc.*

1

**MONTGOMERY-REEVES**, Justice:

This appeal asks the Court to decide two issues. First, whether the Court of Chancery erred by holding that a planned residential community's governing documents allowed a developer to build rental properties in the community. Second, whether the Court of Chancery erred by awarding damages for a wrongful injunction after releasing the bond posted with the court. Having reviewed the parties' briefs and record on appeal, and after oral argument, this Court affirms the Court of Chancery's judgment regarding the breach of contract claim and reverses the Court of Chancery's judgment awarding damages for a wrongful injunction. This Court denies as moot the request for judicial notice.

## I.     BACKGROUND

### A.     The Developer Decides to Build a Rental Community at Fairway Village

Appellant, Concerned Citizens of the Estates of Fairway Village, is an unincorporated association composed of people who own property in Fairway Village (the "Community"), a planned residential community located in Ocean View, Delaware.[1] Appellants Julius H. Solomon, Peggy A. Solomon, Edward D. Leary, Kenneth P. Smith, Denise M. Smith, Terry L. Thornes, and Carmela M. Thornes (collectively, the "Homeowners") own properties in the Community and are members of Concerned Citizens of the Estates of Fairway Village.[2]

---

[1] *Concerned Citizens v. Fairway Cap., LLC*, 2019 WL 1058096, at *1 (Del. Ch. Mar. 6, 2019) (hereafter, "Mem. Op., at _").
[2] *Id.* at *2.

Appellee Fairway Cap, LLC is a Delaware limited liability company that serves as the Community's current developer.[3] At the outset, the Community's developers expected to sell 166 single-family homes and 166 townhouse condominiums to the public, creating a residential community of homeowners. Demand for the townhomes, however, was weaker than the developers expected.[4]

In the winter of 2016, Fairway Cap, LLC hired a real estate consultant to assess the market for townhomes in the Community.[5] The consultant recommended converting the unsold townhome lots into a rental community. Fairway Cap, LLC accepted the advice, secured funding, and began working on the rental properties. Appellee Fairway Village Construction, Inc. is an entity involved in the construction.[6]

The Homeowners discovered the plan after seeing an advertisement for "The Reserve at Fairway Village," a forthcoming rental community. The Homeowners raised various objections to the rental community, including that the proposed units did not conform with existing dwellings and would lower property values. The Town of Ocean View and Fairway Cap, LLC rejected all the objections, concluding that the planned construction complied with the housing code and was allowed under the Community's governing documents.[7]

---

[3] *Id.*
[4] *Id.* at *2-3.
[5] *Id.* at *3.
[6] *Id.* at *2.
[7] *Id.* at *3-4.

## B. The Homeowners Sue to Block Construction of the Rental Properties

On December 28, 2017, Concerned Citizens of the Estates of Fairway Village and the Homeowners (collectively, the "Concerned Citizens") filed a complaint in the Court of Chancery challenging the actions of Fairway Cap, LLC and Fairway Village Construction, Inc. (collectively, "Fairway Cap") related to constructing the rental properties. The complaint alleged three counts, including a breach of contract claim under the Community's governing documents.[8] A few weeks later, another developer involved in the Community, 36 Builders, Inc. ("Insight"),[9] filed a similar lawsuit challenging Fairway Cap's plan.[10]

On January 25, 2018, the Concerned Citizens filed a motion for a preliminary injunction that would bar Fairway Cap from "developing, building, and leasing" rental units in the Community or constructing townhomes "that differ materially" from existing dwellings.[11] Insight had already requested a similar injunction.[12] On March 20, 2018, the Court of Chancery, in an oral ruling, granted-in-part the motions for injunctive relief in the Concerned Citizens and Insight litigations. The court made clear that "[t]he injunction [was] conditioned upon the plaintiffs posting a bond pursuant to Rule 65(c)."[13]

---

[8] *Id.* at *8.
[9] The developer 36 Builders, Inc. trades under the name Insight Homes. Mem. Op., at *3.
[10] *Concerned Citizens v. Fairway Cap., LLC*, 2018 WL 2364167, at *1 (Del. Ch. May 23, 2018).
[11] *See* Mem. Op., at *8.
[12] *See Concerned Citizens*, 2018 WL 2364167, at *1.
[13] App. to Opening Br. 58 (hereafter, "A_") at 14:10-11.

On April 6, 2018, the Court of Chancery issued a written order regarding the preliminary injunction.[14] The injunction prohibited Fairway Cap from building or leasing new units that would be part of the rental community. The court's order provided that "Plaintiffs," meaning the Concerned Citizens and Insight, "shall jointly post an injunction bond in the amount of . . . $354,858 pursuant to Court of Chancery Rule 65(c), to be allocated among the Plaintiffs as they deem appropriate."[15] The order did not require that the plaintiffs post a bond by a set date.[16] After mediation failed, Fairway Cap moved to lift the preliminary injunction on the basis that no bond was posted.[17] In response, the court entered an order providing that the injunction would be lifted if the plaintiffs failed to post the bond by June 4, 2018.[18]

On May 23, 2018, the Court of Chancery granted a motion to consolidate the Concerned Citizens litigation with the Insight litigation.[19] Approximately two weeks later, a preliminary injunction bond was posted in the amount set by the Court of Chancery.[20] The bond stated,

> The Guarantee Company of North America USA, a corporation
> as a surety, in consideration of the premises, and of the issuance
> of the Preliminary Injunction, does undertake in the sum of

---

[14] A693-94.

[15] A694.

[16] *See id.*

[17] *See Concerned Citizens*, C.A. No. 2017-0924-JRS, at 3 (Del. Ch. May 31, 2018) (ORDER) (Docket Item ("D.I.") 69).

[18] *Id.*

[19] *See Concerned Citizens*, 2018 WL 2364167, at *1.

[20] *Concerned Citizens*, C.A. No. 2017-0924-JRS, at 2 (Del. Ch. June 5, 2018) (BOND) (D.I. 74).

5

$354,858, and agrees that Plaintiffs will pay to the Defendants such damages, not exceeding the sum of $354,858, if Defendants prove that they incurred damages and the Court concludes that Defendants were wrongfully enjoined.[21]

Although the bond refers to "Plaintiffs," only Insight signed the bond.[22]

In July 2018, Fairway Cap reached a confidential settlement with Insight,[23] but the settlement did not resolve the dispute between Fairway Cap and the Concerned Citizens. Nonetheless, on July 13, 2018, Insight filed a motion to withdraw and terminate the injunction bond.[24] The motion stated that Insight "posted the Bond," and "none of the Concerned Citizens posted any security in support of the Bond."[25] The motion took "no position on whether the withdrawal of the Bond . . . should affect the injunction approved by the [Court of Chancery's] Injunction Order, or whether the Court [of Chancery] should require security to be posted by the Concerned Citizens."[26]

On July 14, 2018, the Concerned Citizens filed a letter "request[ing] that the Court [of Chancery] accept a nominal $1,000.00 cash bond . . . to continue the injunction."[27] They argued that only a nominal bond was required because "the bond amount set by the court was based on Defendants' claims for lost rental income" and "the brief time between

---

[21] *Id.* at 2.
[22] *Id.*
[23] *See* A697-98, at ¶¶ 7, 9.
[24] A695-99.
[25] A697, at ¶ 6.
[26] A698, at ¶ 10.
[27] *Concerned Citizens*, C.A. No. 2017-0924-JRS (Del. Ch. July 14, 2018) (Letter from Richard E. Berl, Jr., Esquire, D.I. 90).

[July 14] and [the] August 1 [trial date] does not justify a significant bond."[28] They also challenged whether Fairway Cap had lost as much rental income as anticipated.[29]

Approximately one week later, Fairway Cap filed a letter "oppos[ing] the Concerned Citizens Plaintiffs' . . . request to reduce the Injunction Bond ordered by the Court to a nominal $1,000.00 cash bond."[30] The letter focused on defending the full bond amount. Nonetheless, a footnote stated:

> Defendants do not object to the withdrawal of the Bond. In the event the Concerned Citizens Plaintiffs do not post a comparable replacement bond, Defendants submit that the Preliminary Injunction should be lifted immediately. Defendants reserve their right to pursue damages incurred during the period in which the Preliminary Injunction remained in effect from the Concerned Citizens Plaintiffs.[31]

On July 23, 2018, the Concerned Citizens filed a reply, which focused on rebutting Fairway Cap's claim of damages resulting from the injunction.[32] The reply also informed the court that the Concerned Citizens had an arrangement with Insight with respect to the security for the bond but argued that the settlement negated that arrangement and that the original bond was no longer justified.[33]

---

[28] *Id.*

[29] *Id.*

[30] A701.

[31] A703, at n.1.

[32] *Concerned Citizens*, C.A. No. 2017-0924-JRS (Del. Ch. July 23, 2018) (Letter from Richard E. Berl, Jr., Esquire, D.I. 97).

[33] *Id.*

On August 14, 2018, Insight filed a letter reminding the court of the pending motion to terminate the injunction bond. Among other things, the letter "note[d] that . . . Defendants do not oppose the withdrawal of the preliminary injunction bond as requested by the Bond Withdrawal Motion."[34] A few hours later, the Court of Chancery issued an order granting the motion to withdraw and terminate the injunction bond.[35] The court's order did not address the parties' arguments regarding a replacement bond:

> 1. Insight's Motion shall be and hereby is GRANTED;
>
> 2. The Injunction Bond posted by Insight on June 4, 2018, in this action . . . shall be deemed withdrawn by Insight and terminated and shall be of no further effect for the purposes of this consolidated Civil Action; and
>
> 3. Insight is authorized to advise the Guaranty Company of North America USA, as Surety on the Injunction Bond, or its agents, that the Injunction Bond is terminated and of no further effect.[36]

Prior to trial, no further actions were taken related to the preliminary injunction or the injunction bond. The Court of Chancery did not alter its previous rulings requiring the posting of a bond in the sum of $354,858. The Concerned Citizens did not post a replacement bond. And Fairway Cap did not move to lift the injunction.[37]

---

[34] *Concerned Citizens*, C.A. No. 2017-0924-JRS (Del. Ch. August 14, 2018) (Letter from Joseph C. Schoell, Esquire, D.I. 103).

[35] A707-09.

[36] *Id.*

[37] *See generally* Opening Br. Ex. C, at 4:6-7:4.

The Court of Chancery held a one-day trial in August 2018.[38] On March 6, 2019, the court issued its post-trial memorandum opinion.[39] The opinion denied the Concerned Citizens' sole surviving claim for relief, holding that "[b]ecause I find that the Defendants' plan to build, own and lease townhome condominiums to residential tenants does not breach the Fairway Village governing documents, I must conclude that [the] Plaintiffs have failed to prove a breach of contract."[40]

## C. The Court of Chancery Awards Damages for a Wrongful Injunction

On August 16, 2019, the Court of Chancery held a hearing regarding whether Fairway Cap could seek damages under Court of Chancery Rule 65 for damages caused by the preliminary injunction.[41] The court held that Fairway Cap could seek damages for a wrongful injunction. The court determined that the injunction was wrongful because Fairway Cap always had the power to build the rental community.[42] The court also held that its failure to require a replacement bond did not bar recovery, explaining:

> Initially, when the injunction was entered on behalf of the Concerned Citizens plaintiffs and [Insight], I required a bond. . . .
>
> [Insight] then settled with the defendants last summer. And because [Insight] had posted the entirety of the secured bond, they asked to be released from it. No other party opposed that relief, and for good reason. It just didn't make any sense to

---

[38] Mem. Op., at *8.
[39] *Id.* at *1.
[40] *Id.* at *14.
[41] *See* Opening Br. Ex. C.
[42] *Id.* at 3:23-4:5.

keep [Insight] on the bond when they were no longer going to be in the case.

. . . [T]he defendants asked that the bond be imposed upon the Concerned Citizens plaintiffs in the full amount. The Concerned Citizens plaintiffs opposed that request . . . .

Contrary to the Concerned Citizens plaintiffs' position in the papers before the Court now, the defendants did ask that if the bond was not going to be reimposed . . .[,] the Court should withdraw the preliminary injunction. Because it appeared at the time . . . that the case was nearing its conclusion . . ., and because I determined that the Concerned Citizens homeowners should not be forced at that time to post security for a sizeable bond, I declined to require that they do so.

. . . [T]here was no determination made that the defendants would suffer no harm or damages from a wrongful injunction, and no intent to prevent defendants from seeking to recover such damages in the event it was determined they had been wrongfully enjoined.

. . . .

The question then is whether the Court's decision to relieve the Concerned Citizens plaintiffs of the requirement to post security for a more than $300,000 bond . . . prevent[s] the defendants . . . from seeking to recover their damages from the wrongfully imposed injunction. The answer to that is no.

. . . .

. . . [W]hen the trial court exercises its discretion not to impose a bond—not because it has determined there will be no harm from a wrongful injunction but because of some other consideration, such as timing or harm to nonentity plaintiffs— the fact that no bond issues does not bar recovery or set a ceiling of zero on that recovery.[43]

---

[43] *Id.* at 4:6-7:4.

10

On January 23, 2020, the Court of Chancery held a post-trial evidentiary hearing regarding damages for the wrongful injunction. Afterwards, the Court of Chancery received several rounds of post-trial briefing and held hearings on legal issues related to damages for the injunction.[44]

On September 11, 2020, the Court of Chancery issued an order awarding Fairway Cap $113,197.00 in damages.[45] It appears that all of these damages accrued after the court terminated the Injunction Bond.[46] The order reaffirmed the court's prior determination that the "Plaintiffs' sole remaining claim against [the] Defendants, Breach of Contract . . ., fails and judgment is entered against the Plaintiffs . . . ."[47]

## II. STANDARD OF REVIEW

This court reviews questions of law *de novo*, including whether the Community's governing documents prohibited Fairway Cap from building a rental community[48] and whether Fairway Cap can seek damages for a wrongful injunction despite the absence of an injunction bond posted with the court.[49]

---

[44] *See* Opening Br. Ex. D.

[45] *Id.* at ¶ 4.

[46] *Concerned Citizens*, C.A. No. 2017-0924-JRS (Del. Ch. Mar. 5, 2020) (Defs.' Post-Hr'g Br. in Support of their Post-Trial Mot. for an Award of Costs and or Consequential Damages, D.I. 192 (seeking damages for rental income lost after August 2018)).

[47] *See* Opening Br. Ex. D, at ¶ 2.

[48] *See, e.g.*, *GMG Cap. Invs., LLC v. Athenian Venture P'rs I*, 36 A.3d 776, 779 (Del. 2012) ("We review questions of contract interpretation *de novo*." (quoting *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009))).

[49] *BlackRock Credit Allocation Income Tr. v. Saba Cap. Master Fund, Ltd.*, 224 A.3d 964, 975 (Del. 2020) ("This Court reviews a grant of injunctive relief for an abuse of discretion. Embedded

11

## III.  ANALYSIS

The Concerned Citizens raise two issues on appeal.  First, the Concerned Citizens argue that the Court of Chancery made various errors in rejecting the breach of contract claim.[50]  This Court affirms the Court of Chancery's judgment regarding the breach of contract claim on the basis of and for the well-stated reasons in the memorandum opinion dated March 6, 2019.[51]

Second, the Concerned Citizens argue that the Court of Chancery erred by awarding damages to Fairway Cap for a wrongfully issued injunction in the absence of an injunction bond.[52]  Under Rule 65(c), the Court of Chancery must impose a bond when granting a preliminary injunction:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The bond requirement serves two purposes.  First, "it assures the enjoined party that it may readily collect damages from the funds posted or the surety provided in the event that

---

legal conclusions, however, are reviewed *de novo*." (citations omitted)); *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("We next address the claim that the Court of Chancery erred in ruling that the defendants had been 'wrongfully enjoined' and were thus entitled to be compensated from the proceeds of the appeal bond posted by [the plaintiff] for [the defendants'] costs and damages.  We consider that claim involving the formulation and application of legal principles *de novo*." (citing *Gilbert v. El Paso Co.*, 575 A.2d 1131, 1142 (Del. 1990))).

[50] *See* Opening Br. 4-5, 12-39.

[51] Because the Court affirms on the basis of the Court of Chancery's opinion, Fairway Cap's motion for judicial notice is denied as moot.

[52] Opening Br. 40-46.

12

it was wrongfully enjoined, without further litigation and without possible insolvency of the assured."[53] Second, "it provides the plaintiff with notice of the maximum extent of its liability, since the amount of the bond 'is the limit of the damages the defendant can obtain for a wrongful injunction, . . . provided the plaintiff was acting in good faith.'"[54] This limitation on damages is sometimes referred to as the "Injunction Bond Rule."[55]

In this case, the Court of Chancery followed Rule 65(c) and ordered the Concerned Citizens and Insight to post an injunction bond in the amount of $354,858.[56] That order did not provide a deadline, but Fairway Cap moved to lift the injunction after the Concerned Citizens and Insight failed to post the secured bond.[57] In response, the court entered an order stating that if the bond was not posted by June 4, 2018, the preliminary injunction would be lifted without further action from the court or the parties.[58] Insight posted an injunction bond in the amount of $354,858.[59] Nothing in the record before us suggests that the Concerned Citizens took any action regarding the injunction bond; the parties and the court seem to agree that the Concerned Citizens never posted any form of injunction bond.

---

[53] *See, e.g.*, *Sprint Commc'ns Co. v. CAT Commc'ns Intern., Inc.*, 335 F.3d 235, 240 n.5 (3d Cir. 2003) (quoting *Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989)).

[54] *Id.*; *see also Guzzetta v. Serv. Corps. of Westover Hills*, 7 A.3d 467, 470 (Del. 2010) ("The security, usually a bond, fixes the maximum amount that an enjoined party may recover." (citing *Coyne–Delany Co.*, 717 F.2d at 393 (7th Cir. 1983)).

[55] *See, e.g.*, *Emerald P'rs*, 712 A.2d at 1010-11.

[56] A693-94.

[57] *Concerned Citizens*, C.A. No. 2017-0924-JRS, at 3 (Del. Ch. May 31, 2018) (ORDER) (D.I. 69).

[58] *Id.* at 4.

[59] *Concerned Citizens*, C.A. No. 2017-0924-JRS, at 2 (Del. Ch. June 5, 2018) (BOND) (D.I. 74).

In July 2018, Insight and Fairway Cap reached a settlement.[60] After the settlement, Insight filed a motion to withdraw and terminate the injunction bond.[61] Neither Fairway Cap nor the Concerned Citizens opposed this request.[62] Nonetheless, both Fairway Cap and the Concerned Citizens recognized that a replacement bond was needed to extend the preliminary injunction.[63] The Concerned Citizens asked the court to keep the preliminary injunction in place and impose a nominal bond.[64] Fairway Cap responded and asked the court to leave the original bond requirement in place or to lift the injunction.[65]

On August 14, 2018, the Court of Chancery "terminated" the existing injunction bond; that order did not address the parties' arguments regarding the replacement bond.[66] Fairway Cap seems to contend that the court's failure to address Fairway Cap's and the Concerned Citizens' arguments regarding the replacement bond converted the secured bond into an unsecured bond. Relying on federal opinions such as *Atomic Oil Co. of Oklahoma, Inc v. Bardahl Oil Co.*[67] and *Factors, Etc., Inc. v. Pro Arts*,[68] Fairway argues that, when a trial court exercises its discretion to "not require security as a condition for a

---

[60] *See* A697-98, at ¶¶ 7, 9.
[61] A695-99.
[62] *See* A701-06.
[63] *See* A702, at 3 n.1; *Concerned Citizens*, C.A. No. 2017-0924-JRS (Del. Ch. July 14, 2018) (Letter from Richard E. Berl, Jr, Esquire, D.I. 90).
[64] *Concerned Citizens*, C.A. No. 2017-0924-JRS, at 1 (Del. Ch. July 14, 2018) (Letter from Richard E. Berl, Jr, Esquire, D.I. 90).
[65] A702-03.
[66] A707-09.
[67] 419 F.2d 1097 (10th Cir. 1969).
[68] 562 F. Supp. 304 (S.D.N.Y. 1983).

preliminary injunction," the lack of security "d[oes] not bar the enjoined from later seeking damages."[69] But the Court of Chancery did not issue an order converting the secured bond into an unsecured bond or granting a preliminary injunction without security.[70] The docket reflects that the court terminated the injunction bond without altering the original requirement that the plaintiffs post $354,858 in security to support the injunction.[71] Whether damages would have been recoverable had the court converted a secured bond into an unsecured bond, or had the court issued a preliminary injunction without security, is therefore irrelevant.[72]

Thus, the question on appeal is whether Fairway Cap could recover damages for a wrongful injunction even though the court terminated the existing bond without specifically addressing the parties' arguments regarding the replacement bond. The Concerned Citizens argue that no damages are recoverable because the Injunction Bond Rule limits recovery to the "actual value" of the bond posted with the court, which was zero after the court released

---

[69] Answering Br. 45.

[70] Oral Argument at 38:22-39:59 (April 7, 2021), https://livestream.com/accounts/5969852/events/960026/videos/219660793/player.

[71] *See* A707-09; A694.

[72] The federal court opinions in *Atomic Oil* and *Factors* are inapposite for another reason. 419 F.2d at 1097; 562 F. Supp. at 304. In both cases the trial court discharged a bond supporting a preliminary injunction after concluding that the plaintiff was entitled to permanent relief. And in both cases, the appellate court reversed that determination on the merits, thereby reversing the basis upon which the trial court released the bond. *See Atomic Oil*, 419 F.2d at 1098-1100; *Factors*, 562 F. Supp. at 305-06. Here, Fairway Cap does not argue that the Court of Chancery erred by releasing the bond Insight posted. To the contrary, Fairway Cap supported that order as part of a settlement. A703, n.1. Thus, the federal authorities do not address the question before this Court.

the bond Insight posted.[73] Fairway Cap argues that the Injunction Bond Rule does not limit recovery because the Concerned Citizens had notice that requesting an injunction exposed them to liability of up to $354,858, an amount larger than the $113,197 in damages the court awarded for the wrongful injunction.[74] Fairway Cap also argues that it did not waive the right to seek damages for a wrongful injunction, and that it is bad policy to use the Injunction Bond Rule to prevent a wrongfully-enjoined party from recovering damages when the court determined at the outset that a wrongful injunction would cause harm.[75]

This appeal does not turn on our interpretation of the Injunction Bond Rule. This appeal turns on whether Fairway Cap could recover damages after failing to seek enforcement of a court order. The court's order releasing the bond Insight posted did not disturb the requirement that the Concerned Citizens post a $354,858 bond to support the injunction.[76] This gave the Concerned Citizens an option to either post the full bond amount and extend the preliminary injunction, or not post the full bond amount and allow the court to lift the injunction. The Concerned Citizens had never posted a bond in this case and decided to not post any bond in August of 2018. It is worth noting here that Fairway Cap had acknowledged to the court that the Concerned Citizens were free to decide not to post

---

[73] Opening Br. 42, 40-46.
[74] *See* Answering Br. 40-47; Opening Br. Ex. D, at ¶ 4 (awarding Fairway Cap $113,197.00 in damages).
[75] Answering Br. 42-45.
[76] A707-09.

the required bond but that, as a consequence, the injunction should be lifted.[77] Thus, when the Concerned Citizens made that decision, the opportunity passed to Fairway Cap to move to lift the injunction. Fairway Cap had demonstrated the ability to file such a motion in this litigation.[78] But in August of 2018, Fairway Cap did not file a motion to enforce the bond requirement or to life the injunction.

That inaction proved costly. Fairway Cap's failure to enforce its rights meant that it remained enjoined but could not recover damages for a wrongful injunction.[79] This result might seem unfair, but Fairway Cap has only itself to blame for failing to move to lift the injunction after the Concerned Citizens did not post a replacement bond. It is not unreasonable to ask an enjoined party to inform the court if the plaintiff fails to post an injunction bond. To the contrary, our legal system often places the burden on injured parties

---

[77] *Concerned Citizens*, C.A. No. 2017-0924-JRS (Del. Ch. July 19, 2018) (Letter from Timothy Jay Houseal, D.I 95) ("Defendants are satisfied to rely upon the $354,858.00 Bond amount previously ordered by the Court. If the Concerned Citizens Plaintiffs decide not to post the required Bond, then the Preliminary Injunction should be lifted.").

[78] *See Concerned Citizens*, C.A. No. 2017-0924-JRS, at 3 (Del. Ch. May 31, 2018) (ORDER) (D.I. 69).

[79] *See generally Cagan v. Mut. Beneficial Life Ins. Co.*, 28 F.3d 654, 656 (7th Cir. 1994) (The enjoined party "contends that it is entitled to damages for the time during which it was [enjoined] . . . . But the district court did not require [the party seeking an injunction] to post an injunction bond, and in all but exceptional cases the lack of an injunction bond means the unavailability of damages for wrongful injunction. Ours is not an exceptional case. [The enjoined party] did not remind the district court of the need for a bond under Fed. R. Civ. P. 65(c), did not ask us to stay the injunction, and to this day has not attempted to quantify the damages from the delay." (citations omitted)).

to inform the court that they have been injured.[80]  Otherwise, there would be no satisfactory mechanism to alert the court when a party violates a court order.

Accordingly, the Court of Chancery erred by allowing Fairway Cap to seek damages for a wrongful injunction.

## IV.  CONCLUSION

For the reasons provided above, the Court AFFIRMS-in-PART and REVERSES-in-PART the Court of Chancery's September 21, 2020 order.  Fairway Cap's request for judicial notice is DENIED as moot.

---

[80] *See, e.g.*, *IAC/InterActiveCorp v. O'Brien*, 26 A.3d 174, 177 (Del. 2011) ("[E]quity aids the vigilant, not those who slumber on their rights." (quoting *Adams v. Jankouskas*, 452 A.2d 148, 157 (Del. 1982))).